UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHARLES BENJAMIN KILLSFIRST, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-23-1076-J |
| | ) |
| RANDY HARDING, | ) |
| | ) |
| Respondent. | ) |

**ORDER**

Petitioner, a state prisoner appearing pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The matter was referred to United States Magistrate Judge Amanda Maxfield Green for initial proceedings consistent with 28 U.S.C. § 636. [Doc. No. 5]. On March 29, 2024, Judge Green issued a Report and Recommendation recommending that the petition for writ of habeas corpus be dismissed with prejudice as time-barred. [Doc. No. 11]. Petitioner was advised of his right to object to the Report and Recommendation, and Petitioner has filed timely objections [Doc. Nos. 12, 14, 15, and 16].

In the Report and Recommendation, Judge Green concludes that Petitioner's petition for writ of habeas corpus is untimely under 28 U.S.C. § 2244(d)(1)(A) and that Petitioner is not entitled to the actual innocence exception. In his objections, Petitioner reasserts that he is actually innocent and alleges ineffective assistance of counsel. Petitioner, however, does not assert that this petition for writ of habeas corpus was filed within the Antiterrorism and Effective Death Penalty Act of 1996's one-year statute of limitations. Additionally, while Petitioner seems to assert that he is entitled to the actual innocence exception to the statute of limitations, Petitioner has not submitted to the Court any new reliable evidence suggesting his factual innocence, rather than the mere legal insufficiency of his conviction. Specifically, Petitioner has not submitted any

exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence that was not presented at his trial. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995).

Accordingly, upon de novo review, the Court concludes that Petitioner's petition for writ of habeas corpus is time-barred. The Court, therefore, ADOPTS the Report and Recommendation [Doc. No. 11] and DISMISSES Petitioner's Petition for a Writ of Habeas Corpus with prejudice as time-barred.

IT IS SO ORDERED this 13th day of June, 2024.

BERNARD M. JONES
UNITED STATES DISTRICT JUDGE